IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       -v-                                            05-CR-6169
                                                 06-CR-6241

DENNIS J. NELSON,
                  Defendant.

**GOVERNMENT'S SENTENCING FACTORS MEMORANDUM**

The United States of America, by its attorneys, Terrance P. Flynn, United States Attorney for the Western District of New York, and Bradley E. Tyler, Assistant United States Attorney, of counsel, respectfully submit this Sentencing Factors Memorandum, regarding the defendant Dennis J. Nelson, who is presently scheduled to be sentenced on July 25, 2007.

On December 19, 2006, the defendant pled guilty to Counts 1, 3 and 5 of Indictment 05-CR-6169 and to both counts of Information 06-CR-6241. The counts of conviction all relate to the defendant communicating by mail threats of physical violence and extortion against a magistrate judge and a district judge in the Western District of New York, as well as members of each judge's family.

**PRESENTENCE REPORT**

Counsel for the United States has no objection to any of the factual findings and sentence recommendations made in the Presentence Report.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), the defendant must pay a special assessment of $100 on each of the five counts of conviction for a total of $500.

**Criminal History**

The Presentence Report determined and recommends a Criminal History category VI.  PSR ¶107.  The plea agreement recommends a criminal history category IV, based primarily on the convictions set forth in Paragraphs 93, 94 and 96.  Unfortunately, counsel for the United States was not aware of the convictions set forth in Paragraphs 95, 97, 98 and 99, as the NYSIIS report available to counsel did not report the convictions and sentences imposed by the New York State Department of Corrections, and with regard to the Paragraph 95, indicated that this conviction was adjudicated with the conviction set forth in Paragraph 96 of the Presentence Report, thereby appearing to result in one sentence for both convictions.  However, Probation Officer Lyons, through further investigation, determined that there were two separate presentence investigations for the convictions noted in Paragraphs 95 and 96, and that there were necessarily two separate sentences which impacted the calculation of this defendant's Criminal History Category.

**Acceptance of Responsibility**

Counsel for the United States joins in the probation officer's recommendation that the defendant not receive acceptance of responsibility. Counsel for the United States does not believe that this recommendation runs afoul of the decision in United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), due to the defendant re-offending, after the entry of his plea on December 19, 2006, by sending additional threatening letters to judges in the Western District of New York, as recounted in Paragraph 90 of the Presentence Report. See United States v. Dugger, 485 F. 3d 236, 239-40 (4th Cir. 2007); United States v. McLaughlin, 378 F. 3d 35, 38-39 (1st Cir. 2004); United States v. Banks, 252 F. 3d 801, 804 (6th Cir. 2001); United States v. Woods, 927 F.2d 735, 736 (2d Cir. 1991).

## OPPOSITION TO A NON-GUIDELINE SENTENCE

**Determination of Sentence**

Title 18, United States Code, Section 3553(a) requires that the Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, the Court must consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to Section 994(a)(1) of Title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of Title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to Section 994(a)(3) of Title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under Section 994(p) of Title 28);

(5) any pertinent policy statement--

      (A) issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under Section 994(p) of Title 28); and

      (B) that, except as provided in Section 3742(g), is in effect on the date the defendant is sentenced.

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

In executing these statutory responsibilities, the Court is obligated to: (1) identify the Guidelines range supported by the facts; (2) treat the Guidelines as advisory; and (3) consider the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a). United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006).

In order to "consider" the Sentencing Guidelines, as required by 18 U.S.C. § 3553(a)(4), the Court must determine the applicable Guidelines range in the same manner as before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which essentially rendered the Sentencing Guidelines advisory. See United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005). An error in determining the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005). In fact, on appeal, the Second Circuit will view as "inherently

suspect a non-Guidelines sentence that rests primarily on factors that are not unique or personal to a particular defendant." United States v. Ratoballi, 452 F.3d at 133. See also United States v. Cavera, ___ F.3d ___, No. 05-2591-cr(L), slip. op. at 6 (2d Cir. June 6, 2007). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be [upheld as] reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Although a Guidelines sentence will not enjoy a presumption of reasonableness on appeal, id. at 28, the Guidelines range continues after Booker to serve as a "benchmark or point of reference or departure." United States v. Rubenstein, 403 F.3d 93, 98-99 (2d Cir. 2005). See also Crosby, 397 F.3d at 113 ("it is important to bear in mind that Booker[ ] and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."). Cf., United States v. Sindima, ___ F.3d ___, 2007 WL 642952, at *5 (2d Cir., May 21, 2007) (while a district court may impose a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range, it must explain "why a Guidelines sentence did not sufficiently account for those factors[.]").

**A Non-Guidelines Sentence Is Not Appropriate**

Counsel for the defendant recommends to the Court that a non-guideline sentence be imposed, due to "a number of debilitating medical conditions that have affected [the defendant's] physical and mental well-being." Defendant's Request For A Non-Guideline Sentence, p. 3. Specifically, the defendant allegedly suffers from Klinefelter's Syndrome, seizure disorder and depression. Id. To support the assertion of these "debilitating medical

conditions", counsel for the defendant has submitted to the Court: (1) a definition of Klinefelter's Syndrome from the internet website AAKSIS; (2) another descriptive article from the internet website WebMD; (3) a clinical note from the University of Rochester Strong Memorial Hospital, Marvin E. Miller, M.D., based upon a followup visit in June of 1988; and (4) a letter, dated January 14, 1998, from Dr. John E. Gerich, Attending in Endocrinology at the University of Rochester Medical Center.

The apparent medical history of Klinefelter's Syndrome, seizure disorder and depression, is not asserted to mitigate the commission of the crimes of conviction. Nor can they be the basis upon which to mitigate the sentence to be imposed in this case, as it is just as clear from the defendant's exhibits that with the proper medications (as can be provided by the Bureau of Prisons), the defendant is able to lead a stable existence. In essence, the defendant's medical condition does not set him apart from the greater class of defendants, similarly situated, which militates against a non-Guideline sentence. See United States v. Ratoballi, supra at 133 ("[O]n appellate review, we will view as inherently suspect a non-Guidelines sentence that rests primarily upon factors that are not unique or personal to a particular defendant, but instead, reflects attributes common to all defendants.")

Finally, the defendant has show a proclivity to threaten very violent action against several members of the federal judiciary. As evidenced by the repetition of this conduct, as well, continuing to engage in such conduct after the entry of his pleas of guilt, the defendant has not demonstrated any remorse nor an appreciation for the effects of his conduct upon the victims and their families.

DATED: Rochester, New York
          June 8, 2007.

                                      Respectfully submitted,

                                      TERRANCE P. FLYNN
                                      United States Attorney


                          By:
                                      S/BRADLEY E. TYLER
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      Western District of New York
                                      620 Federal Courthouse
                                      100 State Street
                                      Rochester, New York 14614
                                      (585) 263-6760, ext. 2231
                                      bradley.e.tyler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

DENNIS J. NELSON,

               Defendant.

05-CR-6169
06-CR-6241

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:

Robert G. Smith, Esq.

                              S/LORI PIETRZYKOWSKI