UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA        05-CR-6169(TJM)
          v.                                    06-CR-6241(TJM)

DENNIS J. NELSON,                SENTENCING MEMORANDUM
          **Defendant.**

      Robert G. Smith, Assistant Federal Defender for the Western District of New York, affirms as follows:

      1.      I am an attorney licensed to practice law in the State of New York in the United States District Court for the Western District of New York and I represent the defendant Dennis J. Nelson.

      2.      The representations made in this Sentencing Memorandum are based on the Presentence Investigation Report [hereinafter "PSR"], Mr. Nelson's Request for a Non-Guideline Sentence, the government's Sentencing Factors Memorandum, the Plea Agreement and conversations with Dennis J. Nelson and others.

### Introduction

      3.      Dennis J. Nelson pled guilty to knowingly transmitting threatening letters with the intent to extort money (2 Counts) and knowingly using interstate communications to send threatening communications (3 Counts). The guilty pleas were entered pursuant to a Plea Agreement wherein the parties agreed that the guideline sentencing range was 110 - 137 months of imprisonment. Following the entry of the guilty plea, but prior to the revised PSR being disclosed to the parties, Mr. Nelson filed a Request for a Non-Guideline Sentence. Subsequently, the revised

PSR was disclosed to the parties and the government filed its Sentencing Factors Memorandum.

4. Mr. Nelson now files his Sentencing Memorandum which includes the following: objections to the guideline calculations in the revised PSR, a reply to the government's opposition to his application for a non-guideline sentence and an argument that the government breached the Plea Agreement.

## Objections to the Revised PSR

5. Mr. Nelson makes the following objections to the revised PSR. Mr. Nelson attempted to resolve these objections with Probation; however, he was unable to resolve the objections.

<u>Obstruction of Justice</u>

6. Mr. Nelson objects to the PSR's recommendation that his offense level be increased two levels for obstruction of justice. Mr. Nelson did not intend to obstruct justice.

7. A two level enhancement for obstruction of justice is appropriate under the following circumstances:

> If (a) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (b) the obstructed conduct related to (i) the defendant's offensive conviction and any relevant conduct; or (ii) a closely related offense...."

U.S.S.G. § 3(c)1.1.

2

8. The obstruction of justice enhancement is intended to apply where the defendant conscientiously acts with the purpose of the obstructing justice. *See United States v. Peterson,* 385 F.3d 127, 139 (2d Cir. 2004). *See also United States v. Stroud,* 893 F.2d 504, 507 (2d Cir. 1990). Obstruction of justice must be based on "conduct that wilfully interferes or attempts to interfere with the disposition of the criminal charges against the defendant". *See United States v. Khimchiachvili,* 372 F.3d 75, 87 (2d Cir. 2004). As the Circuit has said a number of times, the word "wilful" implies a *mens rea* requirement and thus the Circuit has limited the obstruction of justice enhancement to those cases in which the defendant had the specific intent to obstruct justice. *See Peterson* 358 F.3d at 139 and *United States v. Kheder,* 343 F.3d 96, 102 (2d Cir. 2003). Accordingly, the enhancement for obstruction of justice requires that the defendant conscientiously act with the specific intent to obstruct justice.

9. Dennis Nelson, because of his Klinefelters Syndrome, borderline intelligence (IQ of 76), left brain hypoplasia and grandeous delusions did not intend to obstruct of justice when he continued to send letters to various officials after he was under investigation. Mr. Nelson's left brain hypoplaisia renders him incapable of reasoning or interpreting language. *See* Ex. A, report of the function of the left hemisphere of the human brain. Note that the left hemisphere of the human brain is responsible for language, logic and sequential reasoning. Deficits in a person's left hemisphere of the brain limits the person's ability to think logically and thus to act

with the specific intent necessary to accomplish a given purpose.  Accordingly, Mr. Nelson's writings are to draw attention to himself, not to obstruct justice.   Thus, the Court should not apply the two level upward adjustment for obstruction of justice.

Acceptance of Responsibility

10. Mr. Nelson affirmatively accepted responsibility and should receive the 3 level reduction in his offense level pursuant to § 3E1.1(a) and (b).  The PSR denies Mr. Nelson a reduction in his offense level for acceptance of responsibility.  The PSR rests its denial on Mr. Nelson's purported obstruction of justice during the investigation.  As argued earlier, Mr. Nelson did not have the ability to obstruct justice.  Therefore, he should not be precluded from receiving the reduction for acceptance of responsibility.  Mr. Nelson pled guilty, signed the Plea Agreement and truthfully admitted the conduct comprising the offenses of conviction.  Accordingly, the Court should reduce Mr. Nelson's offense level for acceptance of responsibility.

Remainder of the Revised PSR

11. Aside from the aforementioned objections, regarding obstruction and acceptance, and PSR paragraph 156 that "there are no mitigating . . .circumstances that would warrant a sentence outside the advisory guideline range," the defense accepts the revised PSR.

**Reply to the Government's Opposition to a Non-Guideline Sentence**

12. Mr. Nelson requested a non-guideline sentence based on the debilitating medical conditions from which he suffers, including: Klinefelters Syndrome, seizure

disorder and depression.  The revised PSR confirms that Mr. Nelson suffers from Klinefelters Syndrome, as well as other mental health issues, and adds that he suffers from left brain hypoplasia as well as having a history of grand mal seizures.  *See* revised PSR paragraph 135.  The revised PSR notes that a prior assessment at the Hutchings Psychiatric Center determined Mr. Nelson's intellectual functioning to be in the borderline retarded range (IQ of 76) and found him to have a delusional disorder.  See revised PSR paragraphs 134 and 142.  Left brain hypoplasia results in arrested development of the left hemisphere of the brain.  The left hemisphere of the brain is responsible for sequential reasoning and language.  *See* Ex. A.

13. Despite Mr. Nelson's physical and mental health problems, the government opposes a non-guideline sentence arguing that, with proper medications, Mr. Nelson is able to lead a stable existence.  The government wrongly concludes that Mr. Nelson's medical condition does not set him apart from the greater class of defendants similarly situated.  *See* government's Sentencing Factors Memorandum, page 6.

14. The government cites no authority for its proposition that Mr. Nelson can lead a stable existence with the aid of proper medications; while medications have helped Mr. Nelson cope with the physical component of his Klinefelters, no medication exists to reverse the effects of left brain hypoplasia.

15. Mr. Nelson's health problems, most notably Klinefelters Syndrome and left brain hypoplasia, are unique to him.  He has a chromosomal disorder that causes

physical changes in his body and reduces his ability to reason. His borderline mental retardation (IQ of 76 measured before the left brain hypoplasia) coupled with his left brain hypoplasia makes the threats in his letters ring hollow. Mr. Nelson's mental limitations mitigate for a shorter sentence; especially when it is viewed in the light of the fact that the threats were made while Mr. Nelson was in prison and likely to remain imprisoned until 2011. *See* revised PSR paragraph 96.

WHEREFORE, the Court should grant Mr. Nelson's request for a non-guideline sentence and sentence him to 36 months of imprisonment.

## Breach of the Plea Agreement

16. The government breached the Plea Agreement thereby freeing Mr. Nelson to pursue various forms of relief. Mr. Nelson pled guilty pursuant to a written Plea Agreement that contained, *inter alia,* a sentencing range of imprisonment of 110 to 137 months in addition to an agreement by the government to not oppose the Mr. Nelson's request for a reduction in his offense level based on acceptance of responsibility. The government breached the written Plea Agreement by filing its Sentencing Factors Memorandum containing no objection to any of the factual findings and sentence recommendation made in the revised PSR, including: a career offender finding, obstruction of justice adjustment and denial of a reduction for acceptance of responsibility. The revised PSR recommended a guideline range of 235 to 293 months. The government filed its Sentencing Factors Memorandum despite signing a written Plea Agreement containing an agreed to sentencing range of

imprisonment of 110 to 137 months and an agreement not to oppose a recommendation that Mr. Nelson receive a reduction for acceptance of responsibility.

17. To determine whether a plea agreement has been breached, the Court must look at what the parties originally understood to be the terms of the agreement. *See United States v. Al,* 404 Fed. 3d 144, 152 (2d Cir. 2005) *(quoting United States v. Lawler,* 168 Fed. 3d 633, 636 (2d Cir. 1999). *See also United States v. Palladino,* 347 Fed. 3d 29, 34 (2d Cir. 2003). In addition, plea agreements are subject to ordinary contract law principals, except that any ambiguity is resolved "strictly against the government." *See United States v. Cimino,* 381 Fed. 3d 124, 127 (2d Cir. 2004) (quoting *United States v. Ready,* 82 Fed. 3d, 551, 559 (2d Cir. 1996)).

18. In Mr. Nelson's case, the Plea Agreement contained the following paragraphs:

> 10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of the Guidelines sections 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 28.
>
> 12. It is the understanding of the government and the defendant that, with a total offense level of 28 and criminal history category IV, and taking into account the applicable statutory minimal penalties, the defendant's sentencing range would be a term of imprisonment of 110 - 137 months a fine of $15,000.00 to $150,000.00 and a period of supervised release of 2-3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

*See* Plea Agreement, document 20, paragraphs 10 and 12.

19.     The government's Sentencing Factors Memorandum failed to object to the revised PSR's findings of a career offender status, obstruction of justice enhancement and denial of acceptance of responsibility.  The revised PSR recommended a guideline range of 235 to 293 months.  *See* revised PSR paragraphs 51, 52, 58, 65, 71, 77, 83, 88 and 90.  The government's Sentencing Factors Memorandum stated:

> Counsel for the United States has no objection to any of the factual findings and sentence recommendation made in the Presentence Report.

*See* Document 27, page 2.

20.     The intent of the parties is demonstrated by the following facts that appear in the record.  The parties agreed that Mr. Nelson's guideline was 110 to 137 months.  The parties agreed to this range fully aware of Mr. Nelson's mental health issues, as demonstrated by both moving for a competency exam following Mr. Nelson's arraignment on the Indictment.   Prior to promising to adhere to the plea agreement, both parties were provided a copy of the detailed forensic report regarding Mr. Nelson mental health problems.  Both parties knew Mr. Nelson continued to write letters after his arraignment on the Indictment.  The government included these letters in an Information to which Mr. Nelson pled guilty.  Fully cognizant of the aforementioned facts, the government agreed to the written Plea Agreement with a sentencing range of 110 - 137 months and a provision allowing Mr. Nelson to request a non-guideline (shorter) sentence of imprisonment.  Therefore, it was the intent of

the parties that Mr. Nelson's mental and physical limitations should be taken into consideration at sentencing.

21. The revised PSR, in its guideline calculations, treats Dennis Nelson like any other defendant appearing for sentencing.[1]  The government, by filing its Sentencing Factors Memorandum accepting the guideline findings in the revised PSR, breached the Plea Agreement it signed with Mr. Nelson.  Accordingly, the Court should find the government breached the Plea Agreement.

22. A defendant who has fallen victim to the government's breach of a plea agreement has number of available remedies.  A defendant is not required to object to the breach of a plea agreement at the sentencing hearing; a defendant is allowed to object to a breach of the plea agreement for the first time on appeal.  *See United States v. Lawler,* 168 F. 3d 633, 636 (2d Cir. 1999) (a defendant is not required to object to a violation of the plea agreement at the sentencing hearing citing in *United States v. Salcido-Contreras*, 990 F. 2d 51, 52 (2d Cir.), cert. denied, 509 U.S. 931 1993.

23. In addition, other remedies to which a defendant is entitled to upon the government's breach include withdrawal of the guilty plea or an order requiring specific performance either of the plea agreement.  *See Lawler* at 638.

---

[1] The PSR contains an accurate description of Mr. Nelson's mental and physical health issues, which are numerous; however, it makes no attempt to inform the Court how Mr. Nelson's mental and physical health issues may affect sentencing.

24. In the case before the Court, Mr. Nelson requests that the Court impose specific performance of the plea agreement, namely, a non-guideline sentence of 36 months imprisonment along with 2-3 years of supervised release.

25. Mr. Nelson's request for specific performance is not meant to limit any other remedy on appeal. Mr. Nelson notes that in a recent case, where the Second Circuit has found a breach of the plea agreement, the Circuit has allowed the defendant to first be sentenced then to have the final decision about whether to withdraw his guilty plea. *See, Pallidino* at 35.

**Conclusion**

WHEREFORE, the Court should find that Mr. Nelson did not obstruct justice and that he accepted responsibility for his offences and the Court should adjust Mr. Nelson's guideline range accordingly. Further, the Court should find the government breached the plea agreement and grant Mr. Nelson's sentencing request for specific performance of his anticipated motion for a non-guideline sentence. The Court should sentence Mr. Nelson to 36 months of imprisonment.

Dated: June 28, 2007                           /s/Robert G. Smith
                                               Robert G. Smith
                                               Assistant Federal Defender
                                               28 E. Main Street, Suite 400
                                               Rochester, New York 14614
To: Bradley E. Tyler, AUSA                     (585)263-6201
    Kevin Lyons, USPO                          Robert_Smith@fd.org
                                               Attorney for Dennis Nelson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                            05-CR-6169(TJM)
                                                  06-CR-6241(TJM)

DENNIS J. NELSON,

        Defendant.

### CERTIFICATE OF SERVICE

       I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

     1.     Bradley E. Tyler, AUSA – bradley.e.tyler@usdoj.gov

       And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

     1.     Kevin D. Lyons, USPO, 1110 Federal Bldg., Rochester, NY 14614

                                                                 /s/Robert G. Smith
                                                      Federal Defender's Office
                                                      28 E. Main Street, Suite 400
                                                      Rochester, New York 14614
                                                      585-263-6201

AO 72A
(Rev. 8/82)