**MANDATE**

WDNY-RONY
05-cr-6169
McAvoy

07-3777-cr(L), 07-3784-cr(Con)
United States v. Dennis J. Nelson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand nine.

PRESENT:   HONORABLE ROSEMARY S. POOLER,
           HONORABLE REENA RAGGI,
           HONORABLE DEBRA A. LIVINGSTON,
                        *Circuit Judges.*

------------------------------------------------------------

UNITED STATES OF AMERICA,
                        *Appellee,*
            v.                                              No. 07-3777-cr(L),
                                                            No. 07-3784-cr(Con)
DENNIS J. NELSON,
                        *Defendant-Appellant.*
------------------------------------------------------------

SUBMITTING FOR APPELLANT:   ROBERT G. SMITH, (Jay S. Ovsiovitch, *of counsel*), Federal Public Defender's Office, Western District of New York, Rochester, New York.

SUBMITTING FOR APPELLEE:    BRADLEY E. TYLER, Assistant United States Attorney, *for* Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, New York

ISSUED AS MANDATE: MAR - 5 2009

1

Appeal from the United States District Court for the Western District of New York (Thomas J. McAvoy, *Judge*)[1].

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on August 28, 2007 and amended on September 4, 2007, is AFFIRMED.

Defendant Dennis J. Nelson, who pleaded guilty to multiple counts of mailing life-threatening and/or extortionate letters, see 18 U.S.C. § 875(b), (c), appeals his 235-month prison sentence. That sentence reflects the low end of the Guidelines range yielded by Nelson's offense level of 33 and criminal history category of VI. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of United States v. Booker, we review sentences for "reasonableness," 543 U.S. 220, 262 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 591 (2007)). Our review proceeds in two steps: we "must first ascertain whether the sentence was administered without procedural error," United States v. Williams, 524 F.3d 209, 214 (2d Cir. 2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness,"

---

[1] Senior United States District Judge Thomas J. McAvoy, Northern District of New York, sat in the Western District of New York by designation pursuant to 28 U.S.C. § 292(b).

Gall v. United States, 128 S. Ct. at 597, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, id. at 600.

On this appeal, Nelson argues that the district court abused its discretion by failing to give due consideration to the totality of circumstances warranting § 3553(a) consideration. Specifically, he argues that the court failed to consider the fact that his crimes, which were committed while Nelson was in the custody of the New York State Department of Correctional Services (the "DOC") could have been prevented if the DOC had inspected and restricted his outgoing mail. This argument has no merit.

"[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors" listed in 18 U.S.C. § 3553(a). United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). We have "steadfastly refused to require judges to explain or enumerate how such consideration was conducted." United States v. Pereira, 465 F.3d 515, 523 (2d Cir. 2006). Nothing in the record supports Nelson's argument that the district court here failed to consider his claim that the DOC bore some responsibility for defendant's criminal conduct. Nelson's lawyer raised the issue at sentencing in urging consideration for Nelson's diminished capacity. See Sentencing Tr. at 5 (observing that crimes "could have been prevented, to one extent, by a simple order that Mr. Nelson only has contact with counsel and [to] withhold all his other mail – I think there are a lot of things that could have been done – I think Mr. Nelson qualifies for the Diminished Capacity Departure."). After providing an opportunity for both

3

parties to speak, the district judge stated on the record that he had "considered everything submitted to [him]" in light of "each and every factor set forth in 3553." Id. at 8.

The district court explained that Nelson's "disabilities" prompted it to sentence defendant at the low end of his Guidelines range. Id. at 10. Although counsel argues on appeal that the mitigating effect of the DOC's inaction was a circumstance distinct from Nelson's disabilities, because the defense presented the former point to the court as a fact relevant to the latter, we expect the district court treated it as such, even if it did not assign the fact the weight wished for by the defense. See United States v. Fernandez, 443 F.3d at 34 (so long as ultimate sentence is reasonable, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor."). Indeed, our conclusion that the district court fairly considered the defense argument is reinforced by the court's imposition of limits on Nelson's mailings while in federal custody. See Sentencing Tr. at 11.

To the extent Nelson complains that his 235-month sentence runs afoul of the parsimony clause, see 18 U.S.C. § 3553(a), we are not persuaded. As already noted, the sentence represents the low end of the applicable Guidelines range, and as we have recently observed "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States. v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008) (internal quotation marks omitted). This is because "where [the sentencing] judge and [Sentencing] Commission both determine that the Guidelines sentence[] is an appropriate sentence for the

4

case at hand, that sentence likely reflects the § 3553(a) factors." Rita v. United States, 127 S. Ct. 2456, 2467 (2007) (emphasis in original). Nelson's sentence warrants no different conclusion.

Consequently, for the reasons stated above, the judgment of conviction is AFFIRMED.

For the Court:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK